SOL L. DESCARTES, SECRETARIO DE HACIENDA DE PUERTO RICO, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. LUIS R. POLO, JUEZ, demandado; PUERTO RICO DISTILLING COMPANY, interventora.

Número 2012.

*Sometido:* 4 de junio de 1953. *Resuelto:* 22 de julio de 1953.

246

*Hon. Secretario de Justicia José Trías Monje (J. B. Fernández Badillo, Secretario de Justicia Interino,* en la petición y en el alegato), y *Arnaldo P. Cabrera, Procurador Auxiliar,* abogados del peticionario; *McConnell & Valdés,* abogado de la interventora, querellante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del tribunal.

El día 21 de junio de 1950 la interventora Puerto Rico Distilling Co. recurrió ante el anterior Tribunal de Contribuciones de Puerto Rico querellándose contra ciertas deducciones que había reclamado respecto a sus ingresos durante el año 1945, cuyas deducciones habían sido rechazadas por el anterior Tesorero de Puerto Rico, hoy Secretario de Hacienda. En cumplimiento de las disposiciones de ley, la interventora-contribuyente prestó, antes de recurrir al Tribunal de Contribuciones, una fianza por el importe de la deficiencia que le había sido impuesta, más determinada cantidad para cubrir los intereses correspondientes. Finalmente, la sala de San Juan del Tribunal Superior de Puerto Rico, el 3 de febrero de 1953, después de haberse visto el caso en sus méritos, dictó sentencia sosteniendo las determinaciones del Secretario de Hacienda en cuanto a algunas de las deducciones, pero anulando y dejando sin efecto las

deficiencias señaladas por el Secretario de Hacienda en cuanto a otras deducciones, permitiéndosele a la contribuyente el deducir ciertas sumas. Se condenó a la interventora a satisfacer al Estado Libre Asociado de Puerto Rico la contribución sobre ingresos para el año 1945 que resultase en virtud de la sentencia dictada, ordenándose al Secretario de Hacienda que radicase el cómputo de tal contribución. Así lo hizo el Secretario de Hacienda y la interventora pagó la contribución correspondiente, en cumplimiento de la sentencia.

El Secretario de Hacienda apeló para ante este Tribunal con respecto a las partidas que habían sido resueltas a favor de la interventora, o sea, que habían sido declaradas deducibles por el tribunal a quo. Después de varios incidentes, el propio tribunal sentenciador decretó finalmente la cancelación de la fianza que había sido prestada originalmente por la interventora ante el anterior Tribunal de Contribuciones y el Secretario de Hacienda ha interpuesto ante nos el presente recurso de *certiorari*, en que impugna la actuación del tribunal a quo al cancelar la fianza, alegando, en síntesis, que la fianza original de la contribuyente debe ser considerada como subsistente durante la tramitación de un recurso de apelación ante este Tribunal.

■■ Tiene razón el Secretario de Hacienda. El artículo 6 de la Ley núm. 328 de 13 de mayo de 1949 (Leyes de 1949, pág. 997), Ley creadora del Tribunal de Contribuciones, sustituído hoy en día por el Tribunal Superior, dispone lo siguiente:

"Artículo 6.—De una sentencia final del Tribunal de Contribuciones, cualquier parte perjudicada podrá recurrir ante el Tribunal Supremo de Puerto Rico, previo cumplimiento con las disposiciones de la ley aplicable, mediante recurso de *certiorari* para revisar los procedimientos de dicho Tribunal, y el Tribunal Supremo sustanciará el recurso fundándose exclusivamente en los autos del tribunal recurrido. En los casos en que la ley aplicable requiera como requisito previo para recurrir al Tribunal Supremo que se pague la contribución determinada

por el Tribunal de Contribuciones, el recurso de *certiorari* deberá radicarse en la Corte Suprema dentro de los treinta (30) días siguientes a la fecha de la notificación que haga al contribuyente y al Tesorero de Puerto Rico el Secretario del Tribunal de Contribuciones, de la aprobación del cómputo de la contribución determinado por dicho tribunal. En todos los demás casos, el recurso de *certiorari* deberá radicarse en el Tribunal Supremo dentro de los treinta días siguientes a la fecha del archivo en autos de la notificación de la sentencia final; *Disponiéndose,* que la expedición del auto de *certiorari* por el Tribunal Supremo suspenderá los efectos de la sentencia objeto del recurso, hasta tanto se dicte por dicho Tribunal Supremo sentencia final."

El artículo 6 citado, considerado conjuntamente con las secciones 13 y 14 de la Ley de la Judicatura de Puerto Rico (Ley núm. 11, aprobada el 24 de julio de 1952 ((2) pág. 31)) que sustituyen al anterior Tribunal de Contribuciones por el Tribunal Superior, le concede un derecho de apelación para ante el Tribunal Supremo al Secretario de Hacienda, al igual que al contribuyente, y dispone que la apelación ante este Tribunal se tramitará previo cumplimiento con las disposiciones de la ley aplicable. Una disposición estatutaria aplicable es el artículo 2 de la Ley núm. 235, aprobada en 10 de mayo de 1949 ((1) pág. 733), que dispone lo siguiente:

"Artículo 2.—*Recursos de los Contribuyentes:*

"A.—*Apelación de las Determinaciones del Tesorero de Puerto Rico.*—Cuando un contribuyente no estuviere conforme con una determinación notificádale por el Tesorero de Puerto Rico y tuviere derecho por ley a apelar de ella para ante el Tribunal de Contribuciones de Puerto Rico, deberá hacerlo en la forma, dentro del término y previo el cumplimiento de los requisitos siguientes:

"1.—*Contribución Sobre Ingresos:*

"De una determinación final de deficiencia notificada en la forma provista en la Sección 57(a) de la Ley de Contribuciones sobre Ingresos de 1924, o de una determinación final denegando una reclamación de reducción, notificada en la forma provista

en la Sección 62(*b*) de dicha ley, radicando su demanda en el Tribunal de Contribuciones de Puerto Rico en la forma dispuesta por la ley que crea dicho tribunal, dentro del término de treinta (30) días, a partir de la fecha del depósito en el correo de la referida notificación de la determinación final del Tesorero de Puerto Rico, previa prestación de fianza a favor de éste y ante éste, sujeta a la aprobación de dicho funcionario, por el monto de la contribución notificada, más intereses computados por el período de un (1) año al tipo del seis por ciento (6%) anual; *Disponiéndose, sin embargo,* que el contribuyente podrá pagar la parte de la contribución con la cual estuviera conforme y litigar el resto de la misma ante el Tribunal de Contribuciones de Puerto Rico, en la forma antes dicha, previa prestación de la fianza antes mencionada, por el importe de la contribución que se litigue, más intereses computados por el período de un (1) año, al tipo del seis por ciento (6%) anual; y *Disponiéndose, además,* que cuando se apele de una determinación final del Tesorero de Puerto Rico denegando una reclamación de reducción, el contribuyente no tendrá que prestar la fianza requerida por este artículo si la fianza que se ha acompañado a la reclamación de reducción, a juicio del Tesorero, garantiza la contribución tasada hasta su completo pago; y *Disponiéndose, finalmente,* que tanto el término de treinta (30) días para recurrir ante el Tribunal de Contribuciones de Puerto Rico como la prestación de la fianza antes mencionada, en los casos en que ésta sea requerida, dentro del referido término de treinta (30) días, se considerarán de carácter jurisdiccional."

Del anterior artículo transcrito surge la necesidad para el contribuyente de prestar una fianza como condición previa a la tramitación de procedimientos ante el hoy Tribunal Superior, en materia de contribuciones sobre ingresos. No hay referencia estatutaria expresa en cuanto a la prestación de una nueva fianza al entablarse una apelación por el contribuyente ante este Tribunal, aunque sí se exige el pago por el contribuyente, bajo tal artículo, de las deficiencias correspondientes al él apelar, ni hay referencia estatutaria expresa en cuanto a la subsistencia de la fianza original al apelar ante nos el Secretario de Hacienda. Sin embargo, es

evidente que el propósito legislativo al exigir del contribuyente el que prestase una fianza ante el Tribunal de Primera Instancia fué el de lograr el que el contribuyente garantizase el pago de cualquier posible deficiencia que se determinase judicialmente, a través de una sentencia firme. Ese propósito, de logro de garantías adecuadas, debe subsistir aun si el Secretario de Hacienda apela ante este Tribunal. Ello conlleva la existencia de una intención legislativa, basada en normas de interés público, al efecto de mantener la subsistencia de la fianza original durante la tramitación de una apelación ante nos por el Secretario de Hacienda. El ejercicio de su derecho de apelación por este último funcionario no debe estar sujeto al gravamen y a la penalidad de la desaparición de las garantías del pago de la contribución. Además, bajo el ya citado artículo 6 de la Ley núm. 328 de 1949, la interposición de un recurso de apelación para ante nos suspende los efectos de la sentencia del tribunal a quo, hasta tanto dictemos sentencia final. En el caso de autos, la efectividad de la sentencia en favor de la contribuyente ha quedado suspendida. Tal resultado conlleva la continuación de la eficacia de la fianza original. La fianza debe ser interpretada como subsistente hasta que este caso se resuelva definitivamente.

■ Habiendo en este caso satisfecho la contribuyente al Secretario de Hacienda aquella parte de la contribución en litigio que, según el Tribunal Superior, venía obligada a pagar, es obvio que tendría derecho a una reducción en la fianza original equivalente a la suma pagada, pues la fianza en cuanto a dicha suma dejaría de tener utilidad práctica u objetivo legal. El hecho de que la apelación del Secretario de Hacienda suspenda los efectos—favorables a la contribuyente—de la sentencia dictada por el Tribunal Superior, no impide que la fianza se rebaje en la equivalencia del pago, pues dicha reducción no estaría predicada en los efectos favorables de la sentencia sino en el hecho mismo del pago de una parte de la contribución en litigio, la que desde ese

momento, y por razón de dicho pago, dejó de estar en litigio y no tiene que seguir afianzada.

En cuanto a un *status quo pendente lite* debemos considerar todas las posibilidades, incluyendo la de que este Tribunal resuelva que son correctos los puntos de vista del Secretario de Hacienda. Si ello fuera así, el contribuyente vendría obligado a pagar finalmente las deficiencias restantes correspondientes. Mientras llega ese momento, la fianza debe permanecer en pie.

Alega la contribuyente que el estatuto exige la fianza antes de una sentencia por el Tribunal de Primera Instancia en vista de que antes de ese momento se presume correcta la determinación del Secretario de Hacienda, y que tal presunción desaparece al dictarse sentencia. Pero ésa no es la razón de ser esencial de la fianza en cuestión. Su motivo primordial es el de garantizar el pago de las deficiencias que finalmente se determinen. Y, como hemos visto, los efectos de la sentencia han quedado suspendidos.

*Debe anularse la resolución recurrida.*