EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Príamo Orlando Pastor León<br><br>   Recurrido<br><br>       v.<br><br>Hon. Juan Carlos Puig,<br>Secretario de Hacienda y el Estado<br>Libre Asociado de Puerto Rico<br><br>   Peticionarios | Certiorari<br><br>2016 TSPR 167<br><br>196 DPR \_\_\_\_ |

Número del Caso: CC-2013-670


Fecha: 19 de julio de 2016


Tribunal de Apelaciones:

       Región Judicial de San Juan, Panel IV


Oficina de la Procuradora General:

       Lcda. Margarita Mercado Echegaray
       Procuradora General

       Lcda. Miriam Álvarez Archilla
       Procuradora General Auxiliar


Abogados de la Parte Recurrida:

       Lcdo. Eduardo H. Martínez Echevarría
       Lcdo. Miguel Eliza Rivera


Materia: Derecho contributivo- Elementos que debe incluir la notificación final de deficiencia contributiva que emite el Departamento de Hacienda para cumplir con el debido proceso de ley, en su vertiente procesal. Plazo para notificar al Secretario de Hacienda una demanda de impugnación de notificación final de deficiencia contributiva y una solicitud de exoneración de fianza.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Príamo Orlando Pastor León<br><br>Recurrido<br><br>v.<br><br>Hon. Juan Carlos Puig, Secretario de Hacienda y el Estado Libre Asociado de Puerto Rico<br><br>Peticionarios | CC-2013-0670 | |

Opinión del Tribunal emitida por la Juez Asociada señora Rodríguez Rodríguez

San Juan, Puerto Rico, a 19 de julio de 2016

En esta ocasión, nos corresponde determinar si una demanda de impugnación de notificación final de deficiencia contributiva y una solicitud de exoneración de fianza deben ser notificadas al Secretario de Hacienda dentro del término de treinta (30) días que establece la sección 6002(a)(2) del Código de Rentas Internas de Puerto Rico de 1994 (Código de Rentas Internas), Ley Núm. 120 de 31 de octubre de 1994, 13 L.P.R.A. sec. 8002(a)(2).[1] Además, debemos establecer los elementos que, a la luz de lo resuelto en *Picorelli López v. Depto. de Hacienda*, 179

---

[1] Los hechos de este caso se originan en el año 2009, durante la vigencia del Código de Rentas Internas de 1994, derogado por la Ley Núm. 1 de 31 de enero de 2011, conocida como *Código de Rentas Internas para un Nuevo Puerto Rico*, 13 L.P.R.A. secs. 30011 *et seq*. Por tanto, en esta opinión se hará referencia al Código de Rentas Internas de 1994. No obstante, es importante tener en cuenta que la Sección 6010.02(a)(4) del nuevo Código, 13 L.P.R.A. sec. 33002(a)(4), mantuvo un lenguaje prácticamente idéntico al de la Sección 6002(a)(4) del Código de Rentas Internas de 1994, 13 L.P.R.A. sec. 8002(a)(4).

D.P.R. 720 (2010), debe incluir la notificación final de deficiencia contributiva, con tal de cumplir con los rigores del debido proceso de ley en su vertiente procesal.

I

El 18 de mayo de 2009, el señor Príamo Pastor León (demandante) presentó una demanda ante el Tribunal de Primera Instancia contra el Secretario de Hacienda y el Estado Libre Asociado de Puerto Rico (ELA). En ésta, impugnó una notificación final de deficiencia contributiva que fue depositada en el correo el 17 de abril de 2009. Conviene mencionar que esta notificación advertía lo siguiente:

> De no estar conforme, dentro de los [treinta](30) días inmediatamente siguientes a la fecha de esta notificación, podrá radicarse, previa presentación de una fianza a favor del Secretario de Hacienda por la cantidad arriba indicada, una demanda ante el Tribunal de Primera Instancia de Puerto Rico en la forma provista por ley. *Véase Notificación final de la deficiencia*, Apéndice, pág. 71.

El demandante acompañó la demanda con un escrito intitulado *Solicitud de exoneración de fianza* en el cual peticionó que el foro de instancia lo relevara de prestar la fianza requerida en este tipo de casos como requisito jurisdiccional.[2]

---

[2] Según discutiremos más adelante, el Código de Rentas Internas requiere, en su Sección 6002(a)(2), la prestación de una fianza a favor del Secretario de Hacienda y ante éste, previa la presentación de una demanda ante el Tribunal de Primera Instancia para impugnar una notificación final de deficiencia contributiva. 13

El 3 de junio de 2009, el Tribunal de Primera Instancia emitió una orden mediante la cual concedió al ELA un término de diez (10) días para que contestara la demanda en cuestión. El 7 de julio de 2009, el ELA presentó su contestación y, además, solicitó la desestimación de la demanda. Arguyó que el demandante no lo había emplazado ni había notificado al Secretario de Hacienda copia de la solicitud de exoneración de fianza junto a la demanda dentro del término jurisdiccional de treinta (30) días que establece la Sección 6002(a) del Código de Rentas Internas, 13 L.P.R.A. sec. 8002(a).[3]

El 28 de julio de 2009, el demandante presentó una moción en la que planteó que la demanda que nos ocupa fue oportunamente presentada ante el Tribunal de Primera Instancia, debidamente acompañada de la solicitud de exoneración de fianza. Alegó que, con ello, cumplió con las exigencias del Código de Rentas Internas. Reconoció, empero, que no había emplazado al ELA dentro del término de treinta (30) días y solicitó, por tanto, la expedición de los emplazamientos correspondientes. Así las cosas, el

---

L.P.R.A. sec. 8022(a)(2). En caso de que el contribuyente no pueda prestar dicha fianza, la Sección 6002(a)(4) le permite presentar su demanda en el foro de instancia, pero "en tales casos deberá acompañar dicha demanda con una solicitud que será notificada al Secretario junto con la demanda". 13 L.P.R.A. sec. 8022(a)(4).

[3] Cabe destacar que el ELA anejó a su escrito unas certificaciones de los departamentos de Hacienda y de Justicia que acreditan que, a tal fecha, las agencias no habían recibido emplazamiento alguno ni copia de la demanda ni de la solicitud de exoneración de fianza con relación al caso de epígrafe.

12 de agosto de 2009, el foro de instancia expidió los emplazamientos solicitados, lo cuales fueron debidamente diligenciados.

El 26 de marzo de 2010, el Tribunal de Primera Instancia declaró con lugar la moción de desestimación presentada por el ELA. No obstante, el 12 de mayo de 2010, el demandante presentó una solicitud de reconsideración. Entre otros particulares, expresó que el Código de Rentas Internas únicamente requiere que la solicitud de exoneración de fianza sea presentada ante el tribunal dentro del término de treinta (30) días, no ante el Secretario de Hacienda. Añadió, además, que el término para emplazar al ELA y notificar la demanda al Secretario de Hacienda era el dispuesto para el emplazamiento por la Regla 4.3 de Procedimiento Civil de 1979, 32 L.P.R.A. Ap. III, R. 4.3.[4]

Luego de varios trámites procesales, el Tribunal de Primera Instancia emitió una resolución, notificada el 4 de octubre de 2012, en la que reconsideró su dictamen del 26 de marzo de 2010.[5] En síntesis, concluyó que la Sección

---

[4] Según destacamos anteriormente, la demanda de epígrafe fue presentada ante el Tribunal de Primera Instancia el 18 de mayo de 2009, cuando estaban vigentes las Reglas de Procedimiento Civil de 1979. 32 L.P.R.A. Ap. III.

[5] Valga señalar que esta resolución fue emitida el 26 de octubre de 2010. Sin embargo, ésta no fue notificada al ELA. Ante ello, luego de varios eventos procesales, el 4 de agosto de 2011, el ELA presentó un escrito intitulado *Oposición a moción de reconsideración y a moción en solicitud de que se decrete exoneración de fianza* en el que planteó que la falta de notificación del dictamen adverso del foro de instancia constituía una violación a

6002(a)(4) del Código de Rentas Internas no exige que el demandante notifique al Secretario de Hacienda la solicitud de exoneración de fianza junto a la demanda dentro del término de treinta (30) días en cuestión. Razonó, pues, que el demandante había cumplido con el procedimiento exigido por el ordenamiento contributivo puertorriqueño y ordenó al Departamento de Hacienda exponer su posición respecto a la solicitud de exoneración de fianza del demandante.

Inconforme, el 15 de octubre de 2012, el ELA presentó un recurso de *certiorari* ante el Tribunal de Apelaciones. Reiteró sus argumentos respecto a que el Código de Rentas Internas exige la notificación de la demanda y de la solicitud de exoneración de fianza al Secretario de Hacienda dentro del término jurisdiccional de treinta (30) días. El 23 de mayo de 2013, el foro apelativo intermedio emitió una Sentencia mediante la cual confirmó el dictamen recurrido. Concluyó que, conforme a la sección 6002 del

_____

su debido proceso de ley. El 18 de enero de 2012, el Tribunal de Primera Instancia emitió una resolución en la que señaló una vista de exoneración de fianza, conforme con la sección 6002(a)(4) del Código de Rentas Internas, 13 L.P.R.A. sec. 8002(a)(4). Inconforme, y luego de presentar una oportuna moción de reconsideración que fue declarada no ha lugar mediante resolución notificada el 20 de abril de 2012, el ELA presentó un recurso de *certiorari* ante el Tribunal de Apelaciones en el que replanteó el argumento esbozado ante el foro de instancia. El 29 de junio de 2012, el Tribunal de Apelaciones emitió una Sentencia, en la que revocó al Tribunal de Primera Instancia y le ordenó que notificara nuevamente la resolución del 26 de octubre de 2010. El 4 de octubre de 2012, el foro de instancia re-notificó, pues, tal Resolución.

Código de Rentas Internas, no es necesario notificar los documentos en controversia dentro del término de treinta (30) días al Secretario de Hacienda. Expresó que, por el contrario, el proceso en este tipo de casos es el siguiente:

> Presentada a tiempo la demanda, el Tribunal de Primera Instancia notifica[] al Secretario de Hacienda sobre la solicitud del contribuyente, mediante una orden que le requ[iere] reaccionar en determinado plazo. Mientras, deb[e] el contribuyente diligenciar la demanda con copia de la moción de exoneración al Secretario de Hacienda y al Secretario de Justicia, en los términos dispuestos por la Regla 4.4 de Procedimiento Civil, como ocurrió en este pleito.[6]

El 11 de junio de 2013, el ELA presentó una solicitud de reconsideración ante el Tribunal de Apelaciones, que fue declarada no ha lugar mediante resolución notificada el 8 de julio de 2013.

El 7 de agosto de 2013, el ELA recurrió ante este Tribunal y planteó que erró el Tribunal de Apelaciones al confirmar al Tribunal de Primera Instancia y determinar que el contribuyente cumplió con la sección 6002(a)(4) del Código de Rentas Internas, aun cuando éste no emplazó ni notificó al Estado en el término de treinta (30) días de

---

[6] Nótese que el foro apelativo intermedio menciona que se diligenciarán los emplazamientos "dentro de los términos de la Regla 4.4 de Procedimiento Civil". No obstante, conviene aclarar que esta regla establece los pormenores del diligenciamiento personal, no el término, para emplazar personalmente a la parte demandada. 32 L.P.R.A. Ap. III, R. 4.4. Ante ello, suponemos que el Tribunal de Apelaciones se refería al término de seis (6) meses dispuesto en la Regla 4.3 de Procedimiento Civil de 1979. 32 L.P.R.A. Ap. III, R. 4.3.

haberse notificado la decisión final de deficiencia contributiva. El 22 de noviembre de 2013, concedimos a las partes un término para que mostraran causa por la cual no debíamos expedir el recurso y ordenar a la agencia que notificara debidamente la determinación final de deficiencia contributiva a la luz de lo resuelto en *Picorelli*, 179 D.P.R. 720.

## II

### A

La Sección 6002 del Código de Rentas Internas establece el procedimiento relacionado a la notificación final de una deficiencia contributiva[7] y a su impugnación. 13 L.P.R.A. sec. 8022. Particularmente, conforme al inciso (a) de la Sección 6002, si el Secretario de Hacienda determina que existe una deficiencia respecto a la contribución impuesta, éste debe notificar la misma al contribuyente. Véase 13 L.P.R.A. sec. 8022(a). Si el contribuyente no solicita reconsideración o si, habiéndola solicitado, se confirma total o parcialmente la deficiencia notificada, el Secretario de Hacienda notificará por correo certificado su determinación final. *Id.* Entre otros particulares, tal notificación final tiene que expresar el monto de la fianza que el contribuyente

---

[7] El concepto "deficiencia contributiva" significa "el exceso de la contribución impuesta por la Ley a un contribuyente sobre la contribución que éste ha declarado en su planilla". Manuel Tirado Viera, *Fundamentos de las contribuciones sobre ingresos en Puerto Rico* 461 (3ra ed. 1986).

debe prestar en caso de que interese recurrir ante el Tribunal de Primera Instancia para impugnar esta determinación. *Id.*

En lo pertinente, la Sección 6002(a)(2) del Código de Rentas Internas establece que aquel contribuyente que desee impugnar una notificación final de deficiencia contributiva podrá hacerlo

> presentando una demanda en la forma establecida por ley dentro del término de treinta (30) días a partir de la fecha del depósito en el correo de la notificación de la determinación final, previa prestación de fianza a favor del Secretario, ante éste, y sujeta a su aprobación, por el monto expresado en la mencionada notificación de la determinación final. 13 L.P.R.A. sec. 8022(a)(2).

Dicha sección establece, además, que la prestación de la fianza ante el Secretario de Hacienda, así como la presentación de la demanda en el Tribunal de Primera Instancia dentro del término de treinta (30) días, "serán requisitos de índole jurisdiccional sin el cumplimiento de los cuales el Tribunal de Primera Instancia no podrá conocer del asunto". *Id*. Véase, en general, *Picorelli*, 179 D.P.R. 720; *Segarra, Jr. v. Srio. de Hacienda*, 94 D.P.R. 168 (1967).

Cabe mencionar que el propósito jurídico de exigir la prestación de una fianza como condición previa a la presentación de la demanda de impugnación de notificación final de deficiencia es garantizar que el contribuyente pague cualquier posible deficiencia que eventualmente se determine. *Descartes v. Tribunal Superior*, 75 D.P.R. 245,

250 (1953). Véase, además, Genovevo Meléndez Carrucini, *Procedimiento Contributivo de Puerto Rico* 235 (1981). Se trata, pues, de un requisito importante que el Código de Rentas Internas cataloga de carácter jurisdiccional.

Ahora bien, el Código de Rentas Internas establece un procedimiento particular para aquellos casos en que el contribuyente no pueda prestar la fianza impuesta por el Secretario de Hacienda. Específicamente, en caso de que el contribuyente no pudiera prestar la fianza, o si habiéndola prestado, el Secretario la hubiera rechazado antes de la presentación de la demanda, la Sección 6002(a)(4) del mismo dispone que

> el contribuyente podrá, no obstante, presentar su demanda en el Tribunal de Primera Instancia dentro del término anteriormente dispuesto, pero en tales casos ***deberá acompañar dicha demanda con una solicitud que será notificada al Secretario junto con la demanda***, para que el Tribunal reduzca el monto de la fianza, o le exonere de prestarla, o apruebe la fianza prestada, según sea el caso, exponiendo las razones que tuviere para ello. En los casos en que el contribuyente presenta una solicitud sobre reducción, exoneración o aprobación de fianza, el Tribunal emitirá una Orden para que el Secretario se exprese sobre lo solicitado. Dentro de los treinta (30) días a partir de la fecha en que fuere notificado de la Orden o en cualquier otro término que el Tribunal disponga, el Secretario deberá someter las objeciones que tuviere contra dicha solicitud del contribuyente, después de lo cual el Tribunal celebrará una audiencia y oirá a las partes sin entrar en los méritos de la deficiencia notificada y dictará resolución, bien sosteniendo el monto de la fianza requerida por el Secretario, bien reduciendo el mismo, bien exonerando al contribuyente de la prestación de fianza, o bien aprobando la fianza que rechazó el Secretario u ordenando al contribuyente que preste otra. 13 L.P.R.A. sec. 8022(a)(4).

Lo anterior significa que, en los casos antes discutidos, el contribuyente podrá presentar su demanda ante el Tribunal de Primera Instancia, pero deberá acompañar la misma con una solicitud sobre reducción, exoneración o aprobación de fianza, según corresponda. *Id.* Además, no cabe duda de que, conforme a la citada disposición, tanto la demanda como la solicitud de reducción, exoneración o aprobación de fianza deberán ser notificadas al Secretario Hacienda.

Luego de ello, el Tribunal emitirá una orden para que el Secretario se exprese en torno a la solicitud y, posteriormente, celebrará una vista para evaluarla. *Id.* Al fin y al cabo, el Tribunal podrá sostener o reducir el monto requerido por el Secretario, exonerar al contribuyente de la prestación de la fianza, aprobar la fianza rechazada por el Secretario u ordenar que el contribuyente preste una fianza distinta. *Id.*

El incumplimiento con alguno de los requisitos impuestos por la Sección 6002(a) para que el foro de instancia pueda conocer del asunto será causa suficiente para que la demanda sea archivada. 13 L.P.R.A. sec. 8002(a)(7).

De otra parte, el Código de Rentas Internas impide que el Secretario de Hacienda tase una deficiencia o comience procedimiento alguno para su cobro, entre otros, hasta que haya expirado el término de treinta (30) días que tiene el

contribuyente para impugnar la misma ante el foro de instancia.[8] 13 L.P.R.A. sec. 8002(a)(10). Consecuentemente, si el contribuyente no presenta una demanda ante el tribunal contra la determinación final del Secretario de Hacienda, la deficiencia será tasada y éste deberá pagarla. Manuel Tirado Viera, *supra,* pág. 462.

Con tal de implantar las discutidas disposiciones de la Sección 6002(a) del Código de Rentas Internas, el Departamento de Hacienda promulgó el *Reglamento para implantar las disposiciones de la Sección 6002(a) de la Ley Núm. 120 de 31 de octubre de 1994, según enmendada, conocida como "Código de Rentas Internas de Puerto Rico de 1994", promulgado al amparo de la Sección 6130 del Código que faculta al Secretario de Hacienda a adoptar los Reglamentos necesarios para poner en vigor dicho Código*, Reg. Núm. 6924 de 30 de diciembre de 2004 (el Reglamento). En lo pertinente, la Sección 6002(a)3(g) del Reglamento expresa que "[s]i un contribuyente presentare demanda ante el Tribunal de Primera Instancia, dicho contribuyente deberá notificar al Secretario [de Hacienda] tal demanda, para evitar que éste tase la deficiencia determinada y

---

[8] El concepto de la "tasación" de una contribución se refiere al acto, después de culminadas las notificaciones y demás trámites que siguen, de requerir al contribuyente el pago de la deficiencia. Una vez se tasa la deuda, surge la facultad del Estado de proceder a cobrarla mediante procedimiento de apremio o procedimiento judicial. *Municipio de San Juan v. Prof. Research*, 171 D.P.R. 219 (2007)(citando a Genovevo Meléndez Carrucini, *Ingreso tributable: inclusiones y doctrinas, San Juan, Inst. Contribuciones de P.R.* 35 (1era ed. 1991)).

notificada por correo certificado". *Id*. Asimismo, el Reglamento reitera lo dispuesto en el Código de Rentas Internas respecto a que, de no presentarse demanda alguna, el Secretario de Hacienda podrá tasar y cobrar la deficiencia contributiva notificada. *Id.*

Dada la presunta ambigüedad de las disposiciones jurídicas discutidas, nos vemos compelidos a invocar las normas hermenéuticas de rigor, conforme a las cuales aun cuando "las leyes fiscales deben ser interpretadas restrictivamente, las mismas tienen que ser interpretadas en forma jurídica y razonable, teniendo en mente el propósito e intención general del legislador al aprobarlas". *Roque González & Co. v. Srio. de Hacienda*, 127 D.P.R. 842, 845-857 (1991). Por tanto, al interpretar las disposiciones que nos atañen del Código de Rentas Internas, concluimos que éstas requieren que el contribuyente notifique al Secretario de Hacienda, dentro del término de treinta (30) días, la demanda y la solicitud de exención, reducción o aprobación de fianza. Ello, por dos razones principales. Primero, nótese que la solicitud de exoneración, reducción o aprobación de fianza es, para todos los fines prácticos, el sustituto de la fianza cuya prestación, según vimos, el Código de Rentas Internas establece como exigencia jurisdiccional. Segundo, téngase presente que, según mencionamos, el Secretario de Hacienda está autorizado para tasar y cobrar la deficiencia contributiva una vez expire el término

aplicable si el contribuyente no ha presentado demanda alguna.[9] Así, la notificación al Secretario de Hacienda de la demanda junto a la solicitud de exoneración, reducción o aprobación de fianza cumple la importante función de evitar que este último tase la deficiencia contributiva.

En atención a lo anterior, concluimos que, en aras de cumplir con los requisitos jurisdiccionales de la Sección 6002(a)(4) del Código de Rentas Internas, el contribuyente debe: (1) presentar su demanda junto a la solicitud de exoneración, reducción o aceptación de fianza ante el Tribunal de Primera Instancia y (2) notificar al Secretario de Hacienda copia de su demanda junto con esta solicitud. Esto, dentro de un término de treinta (30) días a partir del depósito en el correo de la notificación final de deficiencia contributiva. Véase 13 L.P.R.A. secs. 8002(a)(2) y 8002(a)(4).

---

[9] Véanse, por ejemplo, 13 L.P.R.A. sec. 8002(a)(10) (disponiendo que "[n]o se hará la tasación de una deficiencia con respecto a la contribución impuesta por cualquier Subtítulo de este Código, ni se comenzará o tramitará procedimiento de apremio o procedimiento en corte para su cobro, antes de que la notificación de la determinación final a que se refiere el párrafo . . . hasta la expiración del término concedido por este Subtítulo al contribuyente para recurrir ante el Tribunal de Primera Instancia contra dicha determinación final, ni, si se hubiere recurrido ante el Tribunal de Primera Instancia, hasta que la sentencia del Tribunal sea firme.); y 13 L.P.R.A. sec. 6002(c) (estableciendo que "[s]i el contribuyente no presentare demanda ante el Tribunal de Primera Instancia contra una determinación final de deficiencia que le fuese notificada en la forma establecida en el apartado (a), la deficiencia será tasada y deberá pagarse mediante notificación y requerimiento del Secretario".).

Habiendo cumplido con dicho requisito jurisdiccional, el contribuyente podrá emplazar al ELA dentro de los términos dispuestos por las Reglas de Procedimiento Civil. Una vez el ELA haya sido debidamente emplazado, el Tribunal emitirá la orden a la que se refiere la Sección 6002(a)(4), 13 L.P.R.A. sec. 8002(a)(4), para que el Secretario se exprese en torno a la solicitud.

**B**

Examinadas las disposiciones contributivas en controversia, resta evaluar los requisitos aplicables a la notificación final de deficiencia contributiva. En *Picorelli*, 179 D.P.R. 720, atendimos un caso similar al de epígrafe, aunque en el contexto de un trámite ordinario de prestación de fianza.[10] Allí, particularmente, el contribuyente presentó una demanda de impugnación de notificación final de deficiencia contributiva ante el Tribunal de Primera Instancia. Anejó a la misma el pago de la fianza por el monto dispuesto en la notificación. El ELA solicitó la desestimación de la demanda. Arguyó que el foro de instancia carecía de jurisdicción toda vez que la fianza no fue presentada ante el Secretario de Hacienda, según requiere la Sección 6002(a)(2) del Código de Rentas Internas, 13 L.P.R.A. sec. 8002(a)(2). Este Tribunal,

---

[10] Nótese que el Código de Rentas Internas contempla dos clases de procedimientos relacionados a la fianza en este tipo de casos: (1) los trámites ordinarios de prestación de fianza y (2) los trámites especiales sobre exoneración o reducción de fianza. Meléndez Carrucini, *supra,* pág. 238.

luego de los trámites apelativos de rigor, aclaró que la fianza en cuestión tiene que ser presentada a favor de y ante el Secretario de Hacienda dentro del término jurisdiccional de treinta (30) días antes discutido. Concluimos, pues, que el contribuyente había incumplido con los requisitos jurisdiccionales del Código de Rentas Internas.

No obstante, toda vez que la notificación final de deficiencia contributiva no explicaba dónde el contribuyente debía presentar la fianza, ordenamos la re-notificación de la misma.[11] Esto, en aras de salvaguardar el debido proceso de ley del contribuyente.

En particular, en *Picorelli*, razonamos que la omisión de la información sobre el lugar donde correspondía prestar la fianza –cuya inobservancia tendría un impacto jurisdiccional– "[c]onstituye una clara violación al debido proceso de ley en su vertiente procesal que requiere, como el primero de sus requisitos, una notificación adecuada en los casos en que el ciudadano

---

[11] En *Picorelli*, la notificación final de deficiencia contributiva indicaba, en lo pertinente, que "[d]e no estar conforme[,] dentro de los [treinta] (30) [días] inmediatamente siguiente a la fecha de esta notificación, podrá radicarse, previa presentación de una fianza a favor del Secretario de Hacienda por la cantidad arriba indicada, una demanda ante el Tribunal de Primera Instancia de Puerto Rico en la forma provista por ley". *Picorelli*, 179 D.P.R. en la pág. 728. Nótese que, aunque expuso el término jurisdiccional para presentar la demanda ante el foro de instancia, así como el hecho de que la prestación de la fianza sería a favor del Secretario de Hacienda, la notificación en dicho caso nada dispuso sobre el lugar donde se debía presentar la fianza. *Id.*

enfrente la privación de un interés propietario". *Picorelli,* 179 D.P.R. en la pág. 738.

**III**

En el caso que nos ocupa, el demandante presentó la demanda, acompañada de la solicitud de exoneración de fianza dentro del término de treinta (30) días ante el Tribunal de Primera Instancia. Sin embargo, no notificó tales documentos al Secretario de Hacienda dentro de este término.

Lo anterior constituye un incumplimiento con los requisitos jurisdiccionales de la Sección 6002 del Código de Rentas Internas, 13 L.P.R.A. sec. 8002. Según expresamos anteriormente, el demandante tenía la obligación de presentar la demanda y la solicitud de exoneración de fianza ante el Tribunal y notificar ambos documentos al Secretario de Hacienda dentro del término jurisdiccional de treinta (30) días.

Ahora bien, la notificación final de deficiencia contributiva en controversia únicamente advirtió sobre el hecho de que, de no estar conforme con ésta, el contribuyente podía radicar, "previa presentación de una fianza a favor del Secretario de Hacienda por la cantidad arriba indicada, una demanda ante el Tribunal de Primera Instancia de Puerto Rico en la forma provista por ley".

Véase, *Notificación final de la deficiencia*, Apéndice, pág. 71.[12]

A la luz de lo resuelto en *Picorelli*, y por los mismos fundamentos allí expresados, concluimos que lo anterior violenta el debido proceso de ley del demandante. Así, el Departamento de Hacienda tiene que advertir al contribuyente sobre la necesidad de que, en caso de que no pueda prestar la fianza que exige el Código de Rentas Internas como requisito jurisdiccional, éste presente su demanda junto a la solicitud de exoneración de fianza ante el Tribunal de Primera Instancia *y* notifique *al Secretario de Hacienda* ambos documentos dentro del término de treinta (30) días. Ello, en aras de cumplir con los rigores del debido proceso de ley en su vertiente procesal, y en consonancia con la interpretación que aquí hacemos de la Sección 6002(a)(4) del Código de Rentas Internas.[13]

Por tanto, el Departamento de Hacienda debe notificar nuevamente la determinación final de deficiencia contributiva del demandante para que ésta advierta que, además de lo exigido por *Picorelli*, de no poder prestar la fianza allí impuesta, éste tiene disponible el trámite

---

[12] De hecho, nótese que dicha notificación ni siquiera cumple con lo resuelto en *Picorelli*, 179 D.P.R. en la pág. 738.

[13] Cabe destacar que, en el presente caso, tal advertencia cobra incluso mayor importancia que la de *Picorelli*. Y es que, distinto de lo que ocurre con el trámite ordinario de prestación de fianza allí interpretado, la ley no es clara respecto a la necesidad de notificar los escritos ya discutidos al Secretario de Hacienda, dentro del término de treinta (30) días.

extraordinario de la Sección 6002(a)(4) del Código de Rentas Internas, el cual requiere la presentación de la demanda junto a la solicitud de exoneración de fianza ante el Tribunal de Primera Instancia y la notificación de tales documentos al Secretario de Hacienda, dentro del término de treinta (30) días.

**IV**

Por los fundamentos señalados anteriormente, se expide el auto y se revoca la sentencia recurrida, se modifica la sentencia del Tribunal de Primera Instancia para que se archive sin perjuicio la causa de acción. Se ordena al Departamento de Hacienda que notifique nuevamente y conforme a lo aquí expresado la notificación final de deficiencia contributiva al señor Pastor León.

Anabelle Rodríguez Rodríguez
Juez Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Príamo Orlando Pastro León<br><br>Recurrido<br><br>v.<br><br>Hon. Juan Carlos Puig, Secretario de Hacienda y el Estado Libre Asociado de Puerto Rico<br><br>Peticionarios | | CC-2013-0670 |

SENTENCIA

San Juan, Puerto Rico, a 19 de julio de 2016

Por los fundamentos señalados anteriormente, se expide el auto y se revoca la sentencia recurrida, se modifica la sentencia del Tribunal de Primera Instancia para que se archive sin perjuicio la causa de acción. Se ordena al Departamento de Hacienda que notifique nuevamente y conforme a lo aquí expresado la notificación final de deficiencia contributiva al señor Pastor León.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo Interina. El Juez Asociado señor Estrella Martínez concurre con la siguiente expresión:

El Juez Asociado señor Estrella Martínez concurre, por entender que en ausencia de un mandato claro y expreso del legislador en cuanto a este asunto, no procede imponer al contribuyente un requisito de índole jurisdiccional de notificar al Secretario de Hacienda la demanda y la solicitud de exoneración de fianza dentro de un término de treinta (30) días. Tal curso de acción no es cónsono con los reiterados pronunciamientos de este Tribunal en torno a que para determinar la naturaleza jurisdiccional de un término debe surgir claramente la intención del legislador de imponerle esa característica al término. Cruz Parrilla v. Depto. Vivienda, 184 DPR 393, 403-404 (2012); Pueblo v. Mojica Cruz, 115 DPR 569, 575 (1984); G.M. Overseas Dist. Corp. v. DACO, 114 DPR 5 (1983). Como es sabido, determinar que un término es de naturaleza jurisdiccional acarrea graves consecuencias, por lo cual los tribunales

deben realizar un ejercicio de interpretación estatutaria para hallar la expresión clara del legislador en cuanto a la naturaleza del término. Cruz Parrilla v. Depto. Vivienda, *supra*. Para ello, debe acudirse primeramente al texto de la ley. Id., pág. 404.

Sin duda, el legislador nada expresó en el Código de Rentas Internas en cuanto a que notificar al Secretario la demanda y la solicitud de exoneración de fianza es un requisito jurisdiccional. Peor aún, la Mayoría de este Tribunal **impone un término de treinta (30) días para efectuar la notificación de estos documentos sin que ese plazo esté contemplado en el Código de Rentas Internas**. Ello contrasta con lo resuelto en reiteradas ocasiones por este Tribunal, en el sentido de que las leyes en materia contributiva no pueden interpretarse extensivamente, sino de forma justa, y según sus propios términos, para que toda ambigüedad se interprete restrictivamente contra el Estado y a favor del ciudadano. San Gerónimo Caribe Project v. Registradora, 189 DPR 849, 861 (2013); IFCO Recycling v. Aut. Desp. Sólidos, 184 DPR 712, 741-742 (2012); Pagán Rodríguez v. Registradora, 177 DPR 522, 537 (2009).".

El Juez Asociado señor Rivera García concurre sin opinión escrita.


                         Sonnya Isabel Ramos Zeno
                  Secretaria del Tribunal Supremo Interina