ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| LILLY DEL CARIBE, INC.<br><br>Recurrido<br><br>v.<br><br>MUNICIPIO DE CAROLINA<br><br>Peticionario | KLCE202400470 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Carolina<br><br>Caso Núm.:<br>F CO2015-0001<br><br>Sobre:<br>Patentes |

Panel integrado por su presidenta, la Juez Ortiz Flores, el Juez Rivera Torres, la Juez Rivera Pérez y el Juez Campos Pérez.

Campos Pérez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de abril de 2024.

Comparece la parte peticionaria, conformada por el Municipio Autónomo de Carolina, el Alcalde, Hon. José C. Aponte Dalmau, y el Director de Finanzas, el Sr. Edwin Lebrón González, (denominados en conjunto, Municipio). Nos solicita la revocación de la *Resolución y Orden* emitida el 9 de enero de 2024, notificada el día 11 siguiente, por el Tribunal de Primera Instancia, Sala de Carolina (en adelante, TPI). En el dictamen, el TPI declaró con lugar el *Memorando de Costas bajo la Regla 44.1 (c) de las Reglas de Procedimiento Civil* que presentó la parte recurrida, Lilly del Caribe, Inc. (Lilly). En consecuencia, ordenó al peticionario a satisfacer el pago de costas ascendente a $324,666.00 por concepto de los pagos de fianza en que incurrió el recurrido durante el trámite apelativo.

Anticipamos la expedición del recurso de *certiorari* y la confirmación de la decisión judicial.

**I.**

Surge del expediente ante nuestra consideración que, el 15 de diciembre de 2014, el Municipio cursó a Lilly una *Notificación*

*Final de Deficiencia* de $12,410,893.13 en el pago de sus patentes municipales. La presunta deficiencia correspondía a los años contributivos 2009-2010 al 2013-2014, conforme con la hoy derogada Ley Núm. 113 de 10 de junio de 1974, conocida como *Ley de Patentes Municipales*, 21 LPRA ant. sec. 651 *et seq.*, (Ley 113). En desacuerdo, el 13 de enero de 2015, Lilly presentó la *Demanda* del epígrafe, mediante la cual impugnó el señalamiento de deficiencias aludido. Observados un sinnúmero de trámites judiciales, incluyendo las etapas apelativas, Lilly prevaleció en el litigio.[1]

A tales efectos, presentó oportunamente un *Memorando de Costas bajo la Regla 44.1 (c) de las Reglas de Procedimiento Civil.*[2] Indicó que, en consonancia con la Sección 16 de la Ley 113, *infra,* el Municipio lo instruyó a prestar una fianza por $13,527,873.52 previo a la presentación de su reclamación ante el TPI.[3] Lilly contrató con New Alliance Insurance Agency, Inc. la expedición de la Fianza Núm. 011057744, a un costo anual de $54,111.00. La fianza estuvo vigente durante el proceso judicial ante el Tribunal de Primera Instancia, el Tribunal de Apelaciones y el Tribunal Supremo. El trámite apelativo se extendió entre 2016 y 2022,[4] por lo que Lilly incurrió en gastos de hasta $324,666.00 por concepto del pago de la prima de la fianza. Lilly apuntó que la garantía era un requisito estatutario para presentar y mantener la reclamación de impugnación de deficiencia.

El Municipio instó *Oposición a Memorando de Costas.*[5] En esencia, adujo que la Ley 113, *supra,* no exigía la prestación de la

---

[1] Refiérase al Apéndice del recurso, págs. 1-21, 22-58, 59-90.
[2] Apéndice del recurso, págs. 91-96, anejos a las págs. 97-143.
[3] Apéndice del recurso, págs. 130-133.
[4] La apelación KLAN201601741 del Municipio ante este Tribunal de Apelaciones se presentó el 28 de noviembre de 2016; y la sentencia revocatoria se emitió el 29 de julio de 2020. Entonces, Lilly acudió en *certiorari* al Tribunal Supremo el 28 de diciembre de 2020. La opinión que revocó a esta curia y reinstaló el dictamen del Tribunal de Primera Instancia se emitió el 2 de agosto de 2022, refiérase a *Lilly del Caribe v. Mun. de Carolina*, 210 DPR 306 (2022).
[5] Apéndice del recurso, págs. 144-158.

fianza en las etapas apelativas del caso, cuando quien recurría de la determinación del TPI era el Municipio. Alegó por igual que el pago de las primas de estas fianzas, por ser voluntarias, no eran gastos necesarios del litigio. Aludió también a la imposibilidad del cobro de costas por virtud de la doctrina de inmunidad soberana.

Lilly replicó.[6] Sostuvo que era requerido que la fianza en pleitos contributivos se mantuviera en los trámites apelativos. El recurrido reiteró que la fianza era un requisito jurisdiccional y que el dictamen del TPI a su favor no era uno final y firme, hasta su reinstalación por el Tribunal Supremo. Por lo tanto, en el caso que el Municipio prevaleciera en su apelación, como en efecto ocurrió en segunda instancia, la fianza garantizaba el pago de la patente. Ante el silencio de la Ley 113, *supra*, señalado por el Municipio, Lilly aludió al caso *Descartes v. Tribl. Superior*, 75 DPR 245 (1953). Así, pues, coligió que el pago de la fianza era un gasto necesario y, por ende, recobrable como costas del litigio.

El 11 de enero de 2024, el TPI notificó el dictamen aquí recurrido.[7] En éste, declaró con lugar la partida de costas reclamada por Lilly y ordenó al Municipio a satisfacer la suma de $324,666.00 en un término de veinte días.

Inconforme, el Municipio interpuso una *Moción de Reconsideración*, en la que reprodujo sus previos argumentos.[8] Insistió que la Ley 113, *supra*, no expresaba en su letra el requisito de la prestación de fianza en las etapas apelativas. Lilly se opuso.[9] Por consiguiente, una vez ponderados los planteamientos de los contendientes, el 27 de marzo de 2024, el TPI notificó su denegación a reconsiderar su previa postura.[10]

---

[6] Apéndice del recurso, págs. 159-171.
[7] Apéndice del recurso, págs. 172-181.
[8] Apéndice del recurso, págs. 182-195.
[9] Apéndice del recurso, págs. 196-208.
[10] Apéndice del recurso, págs. 209-211.

No conteste todavía, el Municipio acudió oportunamente ante nos y señaló la comisión de los siguientes errores:

A. Erró el TPI al imponer al Municipio, en contravención a los resuelto por nuestro Tribunal Supremo en *Martínez & Márquez v. Sancho Bonet*, ante, costas del litigio por el pago de primas de fianza de la Recurrida sin estatuto ni jurisprudencia alguna que autorice el pago de costas por un municipio en un pleito de deficiencias de patentes municipales.

B. Erró el TPI al imponer al Municipio como costas del litigio el pago de primas de fianza de la Recurrida durante el trámite apelativo del pleito de marras sin estatuto ni jurisprudencia alguna que requiera la prestación de fianza durante el trámite apelativo de una sentencia dictada en un pleito de impugnación de deficiencias de patentes municipales.

C. Erró el TPI al imponer al Municipio como costas del litigio pagos que no son razonables ni necesarios toda vez que los pagos de fianzas de la Recurrida fueron hechos de manera voluntaria en virtud de la opción elegida por la Recurrida de prestar dicha fianza en lugar de hacer el pago de la deficiencia y solicitar el reintegro o crédito en caso de prevalecer.

Acordamos eximir a la parte recurrida de presentar su alegato en oposición, en armonía con la Regla 7 (B) (5) de nuestro Reglamento. Como se conoce, la norma provee para que este Tribunal de Apelaciones prescinda de "términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos", ello "con el propósito de lograr su más justo y eficiente despacho". 4 LPRA Ap. XXII-B, R. 7 (B) (5).

**II.**

**A.**

El auto de *certiorari* es un vehículo procesal de naturaleza discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones judiciales de un foro inferior y corregir algún error cometido por éste. *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al., v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334 (2005). El Tribunal Supremo de Puerto Rico ha definido *discreción* como el "poder para decidir en una u otra forma, esto es, para escoger entre uno o

varios cursos de acción". *García v. Padró, supra*, que cita a *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990). Así, pues, la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera..." *Pueblo v. Sánchez González*, 90 DPR 197, 200 (1964), citado con aprobación en *García v. Padró, supra*, págs. 334-335.

En cuanto a este foro revisor, el ejercicio de la discreción no equivale a hacer abstracción del resto del Derecho, ya que ese proceder constituiría, en sí mismo, un abuso de discreción. *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001). Por lo tanto, el examen al auto discrecional que realizamos antes de decidir el curso a seguir no se da en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG, supra*, pág. 176. Ello así, porque "el adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad". *García v. Padró, supra*, pág. 335; *Pueblo v. Ortega Santiago, supra*.

En virtud de lo anterior, para ejercer sabia y prudentemente nuestra facultad discrecional, al determinar si expedimos o denegamos un recurso de *certiorari* postsentencia como el de autos, nos guiamos por la Regla 40 del Reglamento del Tribunal de Apelaciones, *Criterios para la expedición del auto de certiorari*, 4 LPRA Ap. XXII-B, R. 40. Así reza:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

**B.**

En nuestro ordenamiento jurídico, la Regla 44.1 (c) de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1 (c), gobierna la concesión de costas en las etapas apelativas. Así dispone, en parte, la norma procesal:

(a) *Su concesión.* **Las costas le serán concedidas a la parte a cuyo favor se resuelva el pleito** o se dicte sentencia en apelación o revisión, excepto **en aquellos casos en que se disponga lo contrario por ley o por estas reglas**. Las costas que podrá conceder el tribunal son los **gastos incurridos necesariamente en la tramitación de un pleito o procedimiento que la ley ordena** o que el tribunal, en su discreción, estima que una parte litigante debe reembolsar a otra.

(b) *Cómo se concederán.* [...] **Cualquier parte que no esté conforme con las costas reclamadas podrá impugnarlas en todo o en parte**, dentro del término de diez (10) días contados a partir de aquel en que se le notifique el memorándum de costas. El tribunal, luego de considerar la posición de las partes, resolverá la impugnación. La resolución del Tribunal de Primera Instancia podrá ser revisada por el Tribunal de Apelaciones mediante el recurso de *certiorari.* [...]

(c) *En etapa apelativa.* La parte a cuyo favor un tribunal apelativo dicte sentencia presentará en la sala del Tribunal de Primera Instancia que decidió el caso inicialmente y notificará a la parte contraria, dentro del término jurisdiccional de diez (10) días contados a partir de la devolución del mandato y conforme a los criterios establecidos en el inciso (b) anterior, **una relación o memorándum de todas las partidas de gastos y desembolsos necesarios en que se haya incurrido para la tramitación del recurso en el Tribunal de Apelaciones y en el Tribunal Supremo, según corresponda**. El memorándum de costas se presentará bajo juramento de parte o mediante certificación del abogado o de la abogada, y su

impugnación se formulará y resolverá en la misma forma prescrita en la Regla 44.1(b). La resolución que emita el Tribunal de Primera Instancia podrá revisarse según se dispone en el inciso (b). La resolución que emita el Tribunal de Apelaciones podrá revisarse mediante *certiorari* ante el Tribunal Supremo. [...] (Énfasis nuestro).

La norma procesal permite el reembolso de los gastos necesarios incurridos por la parte prevaleciente del litigio, por lo que su función es de naturaleza reparadora. *Maderas Tratadas v. Sun Alliance et al.*, 185 DPR 880, 934 (2012); *Auto Servi, Inc. v. E.L.A.*, 142 DPR 321, 326 (1997); *J.T.P. Dev. Corp. v. Majestic Realty Corp.*, 130 DPR 456, 460 (1992). De esta forma, el derecho de la parte que prevalece no queda "menguado por los gastos que tuvo que incurrir sin su culpa y por culpa del adversario". *Maderas Tratadas v. Sun Alliance et al.*, *supra*, pág. 934; *J.T.P. Dev. Corp. v. Majestic Realty Corp.*, *supra*, pág. 460.

Una vez se reclaman las costas, la imposición de costas a favor de la parte victoriosa es mandatoria. *Maderas Tratadas v. Sun Alliance et al.*, *supra*, pág. 934; *Auto Servi, Inc. v. E.L.A.*, *supra*, pág. 326. No obstante, su concesión no opera de forma automática, ya que tiene que presentarse oportunamente un memorando de costas en el término jurisdiccional de diez días, en el que se precisen los gastos incurridos necesarios y razonables. *Colón Santos v. Coop. Seg. Mult. P.R.*, 173 DPR 170, 187 (2008); *J.T.P. Dev. Corp. v. Majestic Realty Corp.*, *supra*, pág. 461. Además, el tribunal tiene discreción amplia para evaluar la razonabilidad y determinar la necesidad de los gastos detallados. *Maderas Tratadas v. Sun Alliance et al.*, *supra*, pág. 935; *Auto Servi, Inc. v. E.L.A.*, *supra*, pág. 326.

Con relación a lo que atañe al presente caso, aun cuando el ordenamiento procesal exime al Estado Libre Asociado, sus municipios, agencias, dependencias o funcionarios o funcionarias

en su carácter oficial del pago de intereses por temeridad, que regula la Regla 44.3 (b) de Procedimiento Civil, 32 LPRA Ap. V, R. 44.3 (b), no así del pago de las costas del litigio. De hecho, a modo de ejemplo, la derogada *Ley de Municipios Autónomos de 1991* reconocía que la imposición de costas se regiría por el procedimiento ordinario, en los casos de reclamaciones por daños personales o a la propiedad. 21 LPRA sec. 4705. Idéntica disposición prevalece en el vigente Código Municipal de Puerto Rico. Véase, Art. 1.053 del Cód. Municipal, 21 LPRA sec. 7084. En cuanto a la Ley 113, *supra*, el estatuto contemplaba el pago de costas por parte de los ayuntamientos a los contribuyentes, si las hubiere, en los casos de créditos o reintegros concedidos administrativa o judicialmente. Véase, Sección 36 de la Ley 113, 21 LPRA ant. sec. 652h.

## C.

De otra parte, acerca de la fianza en controversia, la Sección 16 de la Ley 113, 21 LPRA ant. sec. 651o, disponía como sigue, en su parte pertinente:

(1) […] Si la persona no solicitare reconsideración en la forma y dentro del término aquí dispuesto, o si habiéndola solicitado, se confirmare en todo o en parte la deficiencia notificada, **el Director de Finanzas notificará por correo certificado, en ambos casos, su determinación final a la persona con expresión del monto de la fianza que deberá prestar la persona si deseare recurrir ante el Tribunal de Primera Instancia contra dicha determinación de deficiencia**. Tal fianza no deberá exceder del monto de la patente, más intereses sobre la deficiencia computados por el período de un año adicional al nueve por ciento (9%) anual.

(2) Cuando una persona **no estuviere conforme con una determinación final de deficiencia [notificada] por el Director de Finanzas** en la forma provista en el párrafo (1), dicha persona **podrá recurrir contra esa determinación ante el Tribunal de Primera Instancia, radicando demanda** en la forma provista por ley dentro del término de treinta (30) días a partir de la fecha del depósito en el correo de la notificación de la determinación final, **previa prestación de fianza a**

> **favor del Director de Finanzas, ante éste, y sujeta a su aprobación por el monto expresado en la mencionada notificación de la determinación final**; Disponiéndose, sin embargo, que la persona podrá pagar la parte de la patente con la cual estuviere conforme y litigar el resto, en el cual caso la fianza no excederá del monto de la patente que se litigue, más los intereses sobre la deficiencia computados en la forma provista en el párrafo (1). (Énfasis nuestro).

Ciertamente la disposición legal es clara al exigir, como requisito jurisdiccional, la prestación de una fianza previo a la interposición de un pleito ante el TPI, en el caso que el contribuyente no esté dispuesto a pagar el monto de la patente que pretende impugnar en el foro judicial. Ahora bien, el estatuto no consigna expresamente que el requisito de fianza deba subsistir en las etapas apelativas. Al respecto, examinemos el caso *Descartes v. Tribl. Superior*, 75 DPR 245 (1953).

En el aludido caso, Puerto Rico Distilling Co. recurrió ante el entonces Tribunal de Contribuciones de Puerto Rico por unas deducciones que había reclamado respecto a sus ingresos durante el año 1945, las cuales el anterior Tesorero de Puerto Rico, hoy Secretario de Hacienda, rechazó. Para incoar su reclamo, prestó la fianza requerida en el estatuto. El 3 de febrero de 1953, el TPI dictó sentencia, en la cual sostuvo algunas de las determinaciones del Secretario de Hacienda, pero anuló otras en favor de Puerto Rico Distilling y canceló la fianza prestada por éste. A tales efectos, el Secretario de Hacienda apeló las partidas resueltas en su contra e impugnó la cancelación de la fianza. Alegó que la fianza original del contribuyente debía ser considerada como subsistente durante la tramitación de un recurso de apelación ante el Tribunal Supremo. La máxima curia le dio la razón al Secretario de Hacienda. En lo que compete al caso del título y, en torno a la interpretación del Artículo 2, *Recursos de los Contribuyentes*, de la Ley Núm. 235 de 10 de mayo de 1949 de ese entonces, el cual exigía la prestación de

una fianza previo a impugnar una determinación final de deficiencia, pero sin hacer alguna expresión sobre las etapas apelativas, el alto foro opinó lo siguiente:

> Del anterior artículo transcrito surge la **necesidad para el contribuyente de prestar una fianza como condición previa** a la tramitación de procedimientos ante el hoy Tribunal Superior, en materia de contribuciones sobre ingresos. **No hay referencia estatutaria expresa en cuanto a la prestación de una nueva fianza al entablarse una apelación por el contribuyente ante este Tribunal**, aunque sí se exige el pago por el contribuyente, bajo tal artículo, de las deficiencias correspondientes al él apelar, **ni hay referencia estatutaria expresa en cuanto a la subsistencia de la fianza original al apelar ante nos el Secretario de Hacienda**. Sin embargo, es evidente que el propósito legislativo al exigir del contribuyente el que prestase una **fianza** ante el Tribunal de Primera Instancia fu[e] el de lograr el que el contribuyente **garantizase el pago de cualquier posible deficiencia que se determinase judicialmente**, a través de una sentencia firme. **Ese propósito, de logro de garantías adecuadas, debe subsistir aun si el Secretario de Hacienda apela ante este Tribunal**. Ello conlleva la existencia de una intención legislativa, basada en normas de interés público, al efecto de mantener la subsistencia de la fianza original durante la tramitación de una apelación ante nos por el Secretario de Hacienda. **El ejercicio de su derecho de apelación por este último funcionario no debe estar sujeto al gravamen y a la penalidad de la desaparición de las garantías del pago de la contribución**. Además, bajo el ya citado artículo 6 de la Ley núm. 328 de 1949, la interposición de un recurso de apelación para ante nos suspende los efectos de la sentencia del tribunal *a quo*, hasta tanto dictemos sentencia final. En el caso de autos, la efectividad de la sentencia en favor de la contribuyente ha quedado suspendida. Tal resultado conlleva la continuación de la eficacia de la fianza original. **La fianza debe ser interpretada como subsistente hasta que este caso se resuelva definitivamente**. *Descartes v. Tribl. Superior*, *supra*, págs. 249-250. (Énfasis nuestro).

### III.

En la causa de autos, el Municipio alega en el primer error que el TPI incidió al conceder las costas a favor de Lilly, por el pago de primas de la fianza durante el procedimiento apelativo, en contravención a *Martínez & Márquez v. Sancho, Tes.*, 76 DPR 914 (1954). En dicho caso, se dirimió si ciertos aparatos de acondicionadores de aire vendidos entre 1938 y 1939 estaban o no

sujetos al pago de arbitrios, según estatutos de esa década. El Tribunal Supremo contestó en la negativa, pero modificó la sentencia apelada para excluir el pago de costas, por no haber el soberano consentido por una ley específica a la imposición de dichas costas.

No obstante, según reseñamos, el ordenamiento vigente al pleito del epígrafe sí contemplaba el pago de costas por parte de los municipios, como cualquier otro litigante. Tanto la *Ley de Municipios Autónomos de 1991*, como la Ley 113, *supra*, esbozaban disposiciones específicas conducentes al pago de costas por parte de los ayuntamientos, en los casos allí descritos. Nótese, además, que la Ley Núm. 104, conocida como *Ley de Reclamaciones y Demandas contra el Estado*, 32 LPRA sec. 3077 *et seq.*, la cual sí incluye el pago y el recobro de costas por parte y a favor del Estado,[11] respectivamente, fue promulgada con posterioridad a la jurisprudencia citada por el peticionario, esto es, el 29 de junio de 1955. Reiteramos que el ordenamiento procesal civil únicamente excluye de manera expresa al Estado y a los municipios del pago de intereses por temeridad, pero no los exime de satisfacer las costas si no prevalecen en los pleitos.

Con relación al segundo y tercer señalamientos de error, los cuales, debido a su relación intrínseca, podemos discutir en conjunto, el Municipio arguye que no existe un estatuto ni jurisprudencia que sostenga la prestación de la fianza durante el trámite apelativo de una sentencia dictada en un pleito de impugnación de deficiencias de patentes municipales. Añade que el pago de las primas durante los procedimientos ante esta curia y el alto foro fueron hechos por Lilly de manera voluntaria. Expone que

---

[11] Véanse los Artículos 8, 17 y 19 de la Ley 104-1955, 32 LPRA secs. 3083, 3090 y 3092.

el recurrido pudo hacer el pago de la deficiencia y solicitar el reintegro o crédito en caso de prevalecer.

Como cuestión de umbral, sí existe un estatuto que sustenta el derecho a recobrar los gastos en los que necesariamente tuvo que incurrir una parte que prevalece en un litigio en la defensa de sus intereses: la Regla 44.1 de Procedimiento Civil, *supra.* En estos casos, el TPI ostenta discreción para determinar la razonabilidad de los gastos reclamados por lo que, si bien las costas son mandatorias una vez se reclaman, su concesión no es automática.

Por otro lado, como se sabe, la controversia del título versó sobre una notificación final de deficiencia de pagos de patentes municipales al palio de la Ley 113, *supra.* Al notificar a Lilly de la deuda imputada, el Municipio lo apercibió de su derecho a impugnar la determinación ante el TPI, para lo cual advirtió que "[…] deberá prestar una fianza por $13,527,873.52 previo a la radicación de la demanda".[12] En consecuencia, para ejercer su derecho a la revisión judicial, Lilly tenía, como requisito jurisdiccional, que emitir una fianza por el monto ordenado y así lo hizo. Al prevalecer en el TPI y el Municipio apelar el dictamen, Lilly continuó renovando la fianza, hasta finalmente predominar mediante la opinión del Tribunal Supremo.

Contrario a lo alegado por el Municipio, la última instancia judicial ha opinado que la fianza exigida tiene que mantenerse vigente durante las etapas apelativas. Específicamente, en *Descartes v. Tribl. Superior*, *supra,* al interpretar un articulado similar al de la Ley 113, *supra,* —en el que se exige una fianza como requisito previo a impugnar una determinación final de deficiencia, pero guarda silencio cuando se trata de los procedimientos apelativos— el Tribunal Supremo concluyó que la fianza tenía que mantenerse vigente durante dichas etapas. Ello

---

[12] Apéndice del recurso, pág. 131.

así, porque el propósito primordial de la fianza es el de garantizar el pago de las deficiencias que finalmente se determinen por el foro judicial. Lo anterior es independiente que la disposición legal no consigne de forma expresa la subsistencia de la fianza original en apelación ni distinga si quien apela es el recaudador (Municipio) o el contribuyente (Lilly). Lo determinante es que, mientras se siga recurriendo, la decisión no es final y firme, por lo que no se estarían protegiendo adecuadamente los fondos públicos. A tales fines, colegimos que Lilly estaba obligado a mantener vigente la fianza por la cuantía impuesta por el Municipio, mientras continuaba defendiendo sus derechos en la etapa apelativa, la cual se extendió por seis años. El gasto incurrido era necesario y, por lo tanto, recobrable en las costas del pleito.

Finalmente, en cuanto a que Lilly pudo pagar la deficiencia y, en caso de prevalecer como en efecto ocurrió, solicitar el reintegro o crédito, debemos enfatizar que la Sección 36 de la Ley 113, *supra*, 21 LPRA ant. sec. 652h, establecía lo siguiente:

> **Sección 36.** — *Intereses sobre pagos en exceso.*
>
> **Los créditos o reintegros que se conceden** administrativamente o **judicialmente bajo esta Ley devengarán intereses a razón del tres por ciento (3%) anual**, computados desde la fecha del pago de la patente objeto del crédito o reintegro y hasta una fecha que anteceda por no más de treinta (30) días la fecha del cheque de reintegro, o en caso de un crédito, hasta la fecha en que el Director de Finanzas notifique a la persona la concesión del crédito; y **el monto de tales créditos o reintegros con sus intereses, y de las costas, si las hubiere, será acreditado o pagado por el Director de Finanzas** con cargo a los fondos a cuyo crédito el producto de dichas patentes hubiere ingresado originalmente, y en caso de insuficiencia de un fondo, con cargo al Fondo General del Tesoro Público. (Énfasis nuestro).

Consiguientemente, de haber sido ésta la ruta seguida por el recurrido, Lilly hubiera pagado la deficiencia de $12,410,893.13. Al no prevalecer en el litigio, el peticionario no sólo hubiera tenido que acreditar los cerca de $12.5 millones, sino satisfacer las costas

inherentes al pleito, más el pago de intereses a razón de 3% anuales. En este caso, esa cifra hubiera ascendido a $372,326.79 el primer año. Cabe señalar que Lilly planteó que esta opción era muy onerosa para la empresa. Indicó que "[d]adas las conocidas situaciones fiscales de los municipios, las posibilidades de Lilly de recobrar la cuantía si prevalecía en la vía del reintegro hubiesen sido remotas".[13]

En suma, somos del criterio que, por constituir un requisito jurisdiccional, Lilly debía satisfacer la fianza, incluso en las etapas ulteriores, hasta la obtención de un dictamen final, firme e inapelable. Evidentemente, la renovación de la fianza era indispensable para continuar el litigio y proteger los fondos del erario. Por lo tanto, el TPI no cometió los errores imputados, al validar el pago de las primas de la fianza como gastos incurridos y necesarios para el litigio, susceptibles del reembolso que ordena la Regla 44.1 de Procedimiento Civil, *supra*. Consecuentemente, el Municipio deberá pagar a Lilly las costas ascendentes a $324,666.00 en el plazo previsto en el dictamen impugnado.

**IV.**

Por los fundamentos expuestos, acordamos expedir el auto de *certiorari* solicitado y confirmar la *Resolución y Orden* recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.　Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[13] Apéndice del recurso, pág. 166, acápite C.